IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION AT AKRON

| | |
|---|---|
| IN RE: | ) CASE NO. 05-59305 |
| | ) |
| DAVID N. DOLTON | ) ADVERSARY PROCEEDING |
| | ) NO. |
| Debtor | ) |
| | ) IN PROCEEDINGS UNDER |
| HAROLD A. CORZIN, TRUSTEE | ) CHAPTER 7 |
| 304 N. Cleveland-Massillon Road | ) |
| Akron, OH 44333 | ) BANKRUPTCY JUDGE |
| | ) MARILYN SHEA-STONUM |
| Plaintiff | ) |
| | ) |
| vs. | ) |
| | ) |
| JEFFREY RECHTORIK | ) COMPLAINT |
| 561 High Street | ) |
| Doylestown, OH 44230 | ) TYPE: LIEN AVOIDANCE |
| | )       PREFERENCE/FRAUDULENT |
| Defendant | )       TRANSFER |

Now comes Harold A. Corzin, Trustee, the plaintiff herein, and for his causes of action against the defendant, Jeffrey Rechtorik, states as follows:

### I - JURISDICTION AND PARTIES

1. This court has jurisdiction over the within adversary proceeding pursuant to 28 USC section 1334 and 28 USC section 157 and the claims set forth herein are core proceedings within the meaning of the United States Bankruptcy Code.

2. The plaintiff, Harold A. Corzin, Trustee, is the duly appointed, qualified, and acting trustee for the debtor, David N. Dolton, who commenced his petition seeking relief under Chapter 7 of the United States Bankruptcy Code on the 14th day of October 2005.

3. The defendant, Jeffrey Rechtorik is an individual and a resident of Summit County, Ohio.

## II - FIRST CLAIM FOR RELIEF

4. The defendant, David N. Dolton is the owner of certain property known for mailing purposes as 1814 Leolyn Street, Pittsburgh, Pennsylvania, 15210 and more particularly described in "Exhibit A" attached hereto and incorporated herein by reference as if rewritten in full.

5. Although said property, at the time of the filing of the bankruptcy petition, evidenced legal title in the name of Tracey Rechtorik, such property constitutes property of the estate of the debtor pursuant to section 541 of the United States Bankruptcy Code.

6. That such property constitutes property of the estate which the trustee may use, sell, or lease pursuant to section 363 of the United States Bankruptcy Code.

7. The defendant, Jeffrey Rechtorik, has or may claim to have some interest in said property and should be required to set forth such interest or be forever barred.

8. That the determination of the lien, claim, or interest of the defendant, Jeffrey Rechtorik, in and/or to said real property is necessary for the proper administration of this estate.

## III - SECOND CLAIM FOR RELIEF

9. That the debtor, David N. Dolton, did transfer money to Tracey Rechtorik for her use as his agent to acquire the property described in "Exhibit A" or alternatively the funds used for the purchase were transferred to Tracey Rechtorik under circumstances where the debtor received less than a reasonably equivalent value in exchange for such transfer obligation and the debtor was insolvent on such date.

10. That an equitable trust is imposed upon these transfers of funds.

11. That this transfer was made within one year of the date of the filing of the petition and were voluntarily performed by the debtor.

12. That Tracey Rechtorik has executed her deed conveying said property described in "Exhibit A" into the name of the debtor and such property, to the extent not previously property of the estate, became property of the estate by virtue of said conveyance.

13. That during the time period that legal title was held in the name of Tracey Rechtorik, her former spouse, Jeffrey Rechtorik, caused a judicial lien to be filed in accordance with the laws of the state of Pennsylvania and such lien acts as a cloud upon the title of the plaintiff.

14. That the filing of the judicial lien effectuates a transfer of property and as a consequence, if the property were property of the debtor, David N. Dolton, Jeffrey Rechtorik would constitute an immediate transferee of the initial transferee, Tracey Rechtorik.

15. That Jeffrey Rechtorik did not give value and did not take his lien in good faith and without knowledge of the voidability of the transfer avoided.

16. That Jeffrey Rechtorik knew Tracey Rechtorik did not have assets from which the real property described in "Exhibit A" could have been obtained by virtue of his marriage and divorce from said Tracey Rechtorik.

17. That such transfer is avoidable pursuant to sections 548 and 550 of the United States Bankruptcy Code and such lien does not properly encumber the property of the estate or alternatively is avoidable.

## IV - THIRD CLAIM FOR RELIEF

18. That the transfer from David N. Dolton to Tracey Rechtorik, if a transfer in fact occurred, was fraudulent as to creditors of said David N. Dolton under the laws of the state of Pennsylvania including specifically section 5105 of the Pennsylvania Consolidated Statutes since such transfer was made without the debtor receiving a reasonably equivalent value in exchange for the transfer and the debtor was insolvent at the time of said transfer or the debtor became insolvent as a result of the transfer.

19. That under the laws of the state of Pennsylvania, including specifically section 5107 of the Pennsylvania Consolidated Statutes, the plaintiff had the right to avoid the transfer of the property described above from the debtor defendant to Tracey Rechtorik.

20. That a good faith transferee is entitled to a lien to the extent of the value given the debtor for the transfer.

21. Neither Tracey Rechtorik nor Jeffrey Rechtorik gave value to the debtor and Jeffrey Rechtorik did not give value to Tracey Rechtorik for the transfer of this interest to Jeffrey Rechtorik. Since in exchange for the transfer obligation, no property was transferred by Jeffrey Rechtorik to Tracey Rechtorik or David N. Dolton, and no antecedent debt owing from Tracey Rechtorik or David N. Dolton to Jeffrey Rechtorik was satisfied nor was an antecedent debt owing from Jeffrey Rechtorik to David N. Dolton or Tracey Rechtorik secured.

WHEREFORE, movant prays that this court declare and determine the right, title, or interest in and/or to the real estate described in "Exhibit A" of Jeffrey Rechtorik grant plaintiff avoidance of the claimed lien of Jeffrey Rechtorik pursuant to section 548 and Chapter 51 of the Pennsylvania Consolidated Statutes and section 550 as made applicable to both section 548 and Chapter 51 through section 544 of the United States Bankruptcy Code, for his costs herein incurred and for such other and further relief as is just and proper.

GIBSON & LOWRY

/s/ Michael J. Moran
Michael J. Moran (#0018869)
Attorney for Plaintiff
234 W. Portage Trail
P.O. Box 535
Cuyahoga Falls, OH 44222
moranecf@yahoo.com



**Allegheny County**
**Valerie McDonald Roberts**
**Recorder of Deeds**
**Pittsburgh, PA 15219**

Instrument Number: 2005-3677

Recorded On: February 04, 2005     As-Deed

Parties: D N S HOLDINGS L L C
To: RECHTORIK TRACEY

# of Pages: 5

Comment:

## **DO NOT REMOVE-THIS PAGE IS PART OF THE RECORDED DOCUM**

| Deed | | 45.00 |
|---|---|---|
| | Pages > 4 | 0 |
| | Names > 4 | 0 |
| Total: | | 45.00 |

**Realty Transfer Stamp**

| Affidavit Attached-No | | Stamp Num-T211720 |
|---|---|---|
| PITTSBURGH | | |
| Ward-29-CARRICK | | |
| Blk/Lot-60M86 | Value | 45,000.00 |
| Commonwealth of Pennsylvania | | 450.00 |
| Munic-Pittsburgh City of | | 900.00 |
| School District-Pittsburgh | | 450.00 |
| | | 1,800.00 |

**Deed Registry Stamp**

OFFICE OF PROPERTY ASSESSMENTS - BLOCK AND LOT NUMBER

Date: / /    Int. By:
2-5-2005

60-M-86

*I hereby certify that the within and foregoing was recorded in the Recorder's Office in Allegheny County, PA*

## **DO NOT REMOVE-THIS PAGE IS PART OF THE RECORDED DOCUM**

**File Information:**

Document Number: 2005-3677
Receipt Number: 382496
Recorded Date/Time: February 04, 2005 01:50P
Book-Vol/Pg: BK-DE VL-12342 PG-233
User / Station: E McGuire - Cash Super 03

**Record and Return To:**

SECURITY SETTLEMENT SERVICES
150 ROBBINS STATION RD
N HUNTINGDON PA 15642



PLAINTIFF'S EXHIBIT A



# This Deed

Made the 26th day of January in the year 2005

Between DNS Holdings LLC, a Pennsylvania Limited Liability Company

("Grantor(s)")

and

Tracey Rechtorik,

("Grantee(s)")

Witnesseth, that in consideration of payment by the Grantee(s) to the Grantor(s) of Forty-five thousand ($45,000.00)

Dollars,

the Grantor(s) do(es) hereby grant, sell and convey to the Grantee(s), her heirs and assigns

All that certain lot, or piece of ground, situate in the 29th Ward of the City of Pittsburgh, County of Allegheny, and Commonwealth of Pennsylvania, being lot 235, in the Crailo Plan of Lots, recorded in the Recorder's Office of said County in Plan Book Volume 17, pages 74 and 75; being more fully described as follows:

BEGINNING at a point on the Northwest corner of Leolyn (formerly Lilac) Street and Appian Way (formerly Beach Alley); thence Westwardly, along Appian Way, 170 feet to Lunar Way (formerly Cherry Alley); thence Northwardly, along Lunar Way, 25.28 feet to a point, at the dividing line between Lots 235 and 236 in said plan; thence Eastwardly, by said dividing line, a distance of 166.19 feet to a point on Leolyn Street; thence Southwardly, along Leolyn Street, a distance of 25 feet to the place of beginning.

HAVING erected thereon a two-story frame house, known as 1814 Leolyn Street, Pittsburgh (Carrick), Pennsylvania.

BEING designated as Block and Lot 60-M-86 by the Office of Deed Registry of Allegheny County.

BEING also the same property that Teresa Sabol, Administratrix c.t.a.

01/23/2005 16:32 FAX 412 884 7186    KELLER WILLIAMS REALTY

of the Estate of Domenico Ricci, also known as Dominic Rici, Deceased, the surviving spouse of Nicolina Ricci, by his deed dated November 15, 2002 and recorded in the Office of the Recorder of Deeds of Allegheny County in Deed Book Volume 11512, Page 490 granted and conveyed to DWS HOLDINGS LLC, a Pennsylvania limited liability company, Grantor herein.

with the appurtenances: **To Have and to Hold** the same to and for the use of the said Grantee(s)

her heirs

and assigns forever, And the

Grantor(s) for itself, its successors and assigns

and

assigns hereby covenant and agree that   will WARRANT* generally   the property hereby conveyed.

*(INSERT GENERALLY OR SPECIALLY)

NOTICE – THIS DOCUMENT MAY NOT SELL, CONVEY, TRANSFER, INCLUDE OR INSURE THE TITLE TO THE COAL AND RIGHT OF SUPPORT UNDERNEATH THE SURFACE LAND DESCRIBED OR REFERRED TO HEREIN, AND THE OWNER OR OWNERS OF SUCH COAL MAY HAVE THE COMPLETE LEGAL RIGHT TO REMOVE ALL OF SUCH COAL AND, IN THAT CONNECTION, DAMAGE MAY RESULT TO THE SURFACE OF THE LAND AND ANY HOUSE, BUILDING OR OTHER STRUCTURE ON OR IN SUCH LAND. THE INCLUSION OF THIS NOTICE DOES NOT ENLARGE, RESTRICT OR MODIFY ANY LEGAL RIGHTS OR ESTATES OTHERWISE CREATED, TRANSFERRED, EXCEPTED OR RESERVED BY THIS INSTRUMENT. [This notice is set forth pursuant to Act No. 295, approved September 10, 1966, as amended.]

In Witness Whereof, the Grantor(s) has/have/hereunto set its/his/her/their hand(s) and seal(s), the day and year first above-written.

Witness:                                                DNS HOLDINGS LLC

Carole L. Bryce                                    By Nancy A. Smith — Seal —

                                                              Nancy A. Smith

                                                              Don Smith — Seal —
                                                              DON SMITH

## NOTICE

I / WE, THE UNDERSIGNED GRANTEE/GRANTEES, HEREBY CERTIFY THAT I / WE KNOW AND UNDERSTAND THAT I / WE MAY NOT BE OBTAINING THE RIGHT OF PROTECTION AGAINST SUBSIDENCE RESULTING FROM COAL MINING OPERATIONS AND THAT THE PURCHASED PROPERTY MAY BE PROTECTED FROM DAMAGE DUE TO MINE SUBSIDENCE BY A PRIVATE CONTRACT WITH THE OWNERS OF THE ECONOMIC INTEREST IN THE COAL. THIS NOTICE IS INSERTED IN ACCORDANCE WITH THE PROVISIONS OF THE BITUMINOUS MINE SUBSIDENCE AND LAND CONSERVATION ACT OF 1966, AS AMENDED 1980, OCT. 10, P.L. 874, NO.156 §1: Tracey Rechtorik

WITNESS
_____ Agent for Tracey Rechtorik

This _____ Day of FEB ____ in The Year 2005

TRACEY RECHTORIK
1814 LEOLYN Street

**CERTIFICATE OF RESIDENCE**

I hereby certify that the precise residence of the Grantee(s) is
Pittsburgh, PA 15210

STATE OF MICHIGAN
~~Commonwealth of Pennsylvania~~
~~County of Allegheny~~ }  ss.
COUNTY OF BARRY

On this the 26TH day of JAN in the year 2005, before me a Notary Public, the undersigned officer, personally appeared DNS HOLDINGS LLC By Nancy A. Smith and Don Smith, known to me (or satisfactorily proven) to be the person whose name is subscribed to the within instrument, and acknowledged that he executed the same for the purposes therein contained.

In Witness Whereof, I set my hand and official seal.

My Commission Expires 9/28/07

Kay Cunningham
Notary Public

https://www.recorder.county.allegheny.pa.us/imageCache/PngImageCache/pa003/pa003_60_2005... 7/28/2006

05-59305-mss   Doc 34   FILED 04/27/07   ENTERED 04/27/07 10:38:23   Page 8 of 9

01/25/2005 16:32 FAX 412 884 7188    KELLER WILLIAMS REALTY

State of .................................................. }
County of ................................................ } ss.
    On this the              day of                    in the year
before me                                           the undersigned officer,
appeared
                    known to me (or satisfactorily proven) to be the person   whose name   subs
the within instrument, and acknowledged that         executed the same for the purpose therein contains
In Witness Whereof, I set my hand and official seal.

My Commission Expires ..............................................    ..................................................

State of .................................................. }
County of ................................................ } ss.
    On this the              day of                    in the year
before me                                           the undersigned officer, pur
appeared
                    known to me (or satisfactorily proven) to be the person   whose name   subs
the within instrument, and acknowledged that         executed the same for the purpose therein contains
In Witness Whereof, I set my hand and official seal.

My Commission Expires ..............................................

# Deed

From

UWS HOLDINGS LLC, a Pennsylvania limited liability company

To

TRACY RZEMYORIK

Fee, $

Record + Return to:
Security Settlement Svcs
150 Robbins Station Road